UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD L. STRATTON, <br><br> Plaintiff, <br><br> v. <br><br> K. REYNOLDS, <br><br> Defendant. | Case No. C08-5418RBL <br><br> ORDER TO SHOW CAUSE |

This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis,* which has been previously granted, and the submission of a complaint (Doc. 4) for service. The Court, having reviewed the record finds the following:

1. Plaintiff's complaint is deficient. Plaintiff names the "K. Reynolds" as the sole defendant in the complaint. The complaint states Plaintiff received an infraction for either the unauthorized use of over-the-counter medication or the failure to take prescribed medications. Plaintiff alleges he sent a "kite" or a letter to the prison authorities regarding his medications and he was instructed to wait until "call-out". Plaintiff states defendant is responsible for scheduling appointments because of his job title – "secretary senior."

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).

ORDER
Page - 1

Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

Here, plaintiff's complaint does not set forth a cognizable claim, nor does the complaint appear to name an individual who personally participated in the alleged deprivation. Accordingly, this court orders the following:

(i) Plaintiff shall seek to cure these deficiencies by filing **an amended complaint on the court approved form by not later than August 25, 2008.** If plaintiff fails to cure these deficiencies this court will recommend dismissal of this matter as frivolous..

(ii) The Clerk is directed to send copies of this Order, the § 1983 Civil Rights Complaint form, and the General Order to plaintiff.

DATED this 24th day of July, 2008.

                                                */s/ J. Kelley Arnold*
                                                J. Kelley Arnold
                                                United States Magistrate Judge