UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD L. STRATTON,<br><br>               Plaintiff,<br><br>     v.<br><br>K. REYNOLDS,<br><br>               Defendant. | Case No. C08-5418RBL<br><br>ORDER |

This matter is before the court on Plaintiff's "Filing Fee Objections" (Doc. 7) and Plaintiff's request to "move" or proceed with this action in state court (Thurston County Superior Court) (Doc. 8). After reviewing the record the court finds and orders as follows:

(1) On the IFP Application signed and submitted to the court by Mr. Stratton (received by the Clerk on June 27, 2008) (Doc. 1), Plaintiff acknowledged that he is responsible for paying the $350.00 filing fee required by 28 U.S.C. § 1915. Plaintiff has filed several other cases with the Court acknowledging the same understanding. See C08-5203, C08-5256, and C08-5311. Now, Plaintiff argues, or objects, to the deduction of funds from his prison account and asks for the return of $9.60, which was collected as payment toward his filing fee obligations.

Plaintiff provides no reason to waive the filing fee, and it was Congress's specific intent to impose fees on prisoners when it passed the Prison Litigation Reform Act in 1996 to deter frivolous filings. The court notes Plaintiff has already received two strikes for filing frivolous matters with the Court. Accordingly, the court will not waive the filing fee in this matter. Plaintiff's objection is overruled.

(2) Plaintiff states in his motion to move this matter to state court that he is more familiar with the procedural process in state court. The court is not familiar with the specific state grounds being raised or the possibility of joint jurisdiction over the potential federal claims in the Complaint filed in this case and the other cases Plaintiff wishes to move to state court. This specific matter is in its infancy. Plaintiff has not cured certain deficiencies found in the Complaint, and thus, the Complaint has not yet been served on any defendant(s). Rather than move, remand, or transfer the matter to state court, it would be better for Plaintiff simply dismiss the matter voluntarily without prejudice and bring those claims he intends to pursue in state court. Accordingly, if Plaintiff wishes to abandon this federal action, the court directs him to file a motion to voluntarily dismiss this cause of action by no later than September 15, 2008. If Plaintiff fails to file such motion, the court will recommend dismissal of this matter for failure to respond appropriately to the court's earlier order which required Plaintiff to cure certain deficiencies in his Complaint by this date.

DATED this 25th day of August, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge